**E-FILED**
Monday, 03 April, 2017  03:08:58 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LEO THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 15-CV-3280 |
| | ) | |
| BRIAN LEDBETTER, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION**

SUE E. MYERSCOUGH, U.S. District Judge.

Plaintiff, who is currently incarcerated in the Danville Correctional Center, pursues a claim that Defendant, a correctional officer, retaliated against Plaintiff for Plaintiff's exercise of his protected First Amendment activity during Plaintiff's incarceration in the Hill Correctional Center.  The claimed retaliation included verbal harassment, goading, and threats; withholding of Plaintiff's property; false accusations against Plaintiff both orally and in a false disciplinary ticket; causing Plaintiff's segregation; causing Plaintiff's transfer to the Pinckneyville Correctional Center; and the destruction or theft of Plaintiff's property before the property was transferred to Pinckneyville.

1

Defendant moves for partial summary judgment.  He argues that he wrote the disciplinary ticket charging Plaintiff with insolence and disobeying a direct order because Plaintiff glared at Defendant during a line movement in order to provoke Defendant and then refused several direct orders to step out of line.  A jury could agree, but, looking at the record in Plaintiff's favor regarding this incident, a jury could alternatively conclude that Defendant first tried to fabricate a charge that Plaintiff had tried to assault Defendant, and when that did not work, wrote a false disciplinary ticket for a lesser charge.  (Pl.'s Dep. 37-38.)  A reasonable inference arises that Defendant, who worked in the property department at the time, was angry that Plaintiff had contacted Defendant's superior and then wrote grievances against Defendant.  (Pl.'s Dep. 10-11, 24-33.)  At this stage, the Court must draw competing inferences in Plaintiff's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The fact that the disciplinary committee found Plaintiff guilty of one of the charges—disobeying a direct order— does not necessarily mean that Defendant was not motivated in part by retaliation.  A rational juror could find that Defendant would not have written the

2

ticket absent a retaliatory motive.  Nor is the finding of the
disciplinary committee binding on the jury.

Citing Bridges v. Gilbert, 557 F.3d 541, 555 (7th Cir. 2009),
Defendant also argues that Plaintiff suffered no adverse
consequence from the insolence charge on the disciplinary ticket
because Plaintiff was found not guilty on that charge.  Bridges does
state that "[a] single retaliatory disciplinary charge that is later
dismissed is insufficient to serve as the basis of a § 1983 action."
Id.  But that is not what happened here.  Plaintiff paints a picture of
several retaliatory acts and harassment over months, not just one
disciplinary charge that was later dismissed.  Further, Plaintiff did
suffer a consequence from the disciplinary ticket—his placement in
investigatory segregation and his grade demotion, even if that
demotion was for only the disobeying charge.  All of the claimed
retaliation, considered as a whole, was serious enough to deter a
person of ordinary firmness from engaging in protected First
Amendment activity, or at least a jury could so find.  *See* Bridges,
557 at 552 (7th Cir. 2009)(allegations of a variety of harassment by
numerous employees over months was actionable retaliation, even if
incidents were not independently actionable).

3

Defendant also argues that there is no evidence that he was involved in the alleged destruction or theft of Plaintiff's property or Plaintiff's transfer to a different prison.  Plaintiff maintains that his property was missing when he arrived at Pinckneyville Correctional Center, after his transfer from Hill Correctional Center.  Some of the property that Plaintiff did receive was broken and had been urinated on, according to Plaintiff.  (Pl.'s Dep. 84-88.)

Plaintiff's evidence that Defendant was responsible for the property destruction and theft is circumstantial, but the evidence is sufficient to allow an inference of access and animus on Defendant's part.  Defendant worked in the property office, at least for part of the relevant time, so arguably had access to Plaintiff's property. Defendant's purported threats, harassment, and false accusations against Plaintiff allow an inference of animus.  A jury could find that Defendant had the motive and means to interfere with Plaintiff's property.

As for Plaintiff's transfer, a reasonable inference arguably arises that Defendant knew that his false accusations and harassment of Plaintiff would eventually cause Plaintiff's transfer out of the prison.  The Court is unsure whether the transfer was

4

actually adverse because Plaintiff had been asking for a transfer and both Hill and Pinckneyville are medium security facilities. However, these questions are for the jury.

In sum, the record allows a reasonable inference that Defendant was out to get Plaintiff for complaining to Defendant's superior and for writing grievances about Defendant. (Pl.'s Dep. 10-11, 24-33.) A reasonable jury could find that Defendant's actions were taken in furtherance of that plan and that Plaintiff suffered actionable harm. Defendant's argument for qualified immunity fails because the argument requires drawing competing inferences in Defendant's favor, which the Court cannot do at the summary judgment stage. *See, e.g.,* Petties v. Carter, 836 F.3d 722, 734 (7th Cir. 2016)(disputed facts about defendants' state of mind precludes qualified immunity on summary judgment).

**IT IS THEREFORE ORDERED** that Defendant's motion for partial summary judgment is denied (d/e 31).

ENTER:  April 3, 2017

FOR THE COURT:

s/ SUE E. MYERSCOUGH
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE

5