E-FILED
Friday, 21 April, 2017 10:53:14 AM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLIINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LEO THOMAS,<br>    Plaintiff,<br><br>v.<br><br>BRIAN D. LEDBETTER,<br>    Defendant. | Case No. 3:15-cv-03280-JEH |

### Order to Show Cause

The Court, *sua sponte*, directs the Plaintiff, Leo Thomas, to show cause why this case should not be dismissed with prejudice as a sanction pursuant to Federal Rule of Civil Procedure 37 and the Court's "inherent authority to rectify abuses to the judicial process." *Dotson v. Bravo*, 321 F.3d 663, 668 (7th Cir. 2003).

One of the claims central to the Plaintiff's case is his allegation that his personal property was destroyed in retaliation for the exercise of his First Amendment right to file grievances. During the Plaintiff's deposition, the Plaintiff testified about the grievance he filed regarding the destruction of his property, testifying that the "$40" he received in response to that grievance "couldn't possibly cover all the property that was missing. Like –like, five tubes of my paint cost more than $40. So I then appealed that grievance even though I won it. I then appealed that grievance and – and here we are. I filed a lawsuit in regards to it." (D. 32-2 at ECF pp. 39-41). Additionally, when asked if he had ever filed a lawsuit before, the Plaintiff stated, "Yes." (D. 32-2 at ECF p. 8). The following exchange then occurred:

    Q. What lawsuits have you filed?
    A. A failure to protect.
    Q. Where was that out of?
    A. It was out of the Central District of Illinois.

> Q. No. I'm sorry. Which correctional facility was that at?
> A. It was out of Logan Correctional Center.
> Q. And has there been a resolution in that case?
> A. Still pending.
> Q. Have you filed any other lawsuits?
> A. No.

([D. 32-2 at ECF pp. 115-116](#)).

On April 20, 2017, counsel for the Defendant brought to the Court's attention an opinion by the Illinois Court of Claims in a case filed with that court by the Plaintiff. (Exhibit 1). That opinion notes that the Administrative Review Board denied the Plaintiff's appeal of his grievance related to the loss of his property which is the subject of the present litigation. The Plaintiff then, on October 31, 2014, filed his complaint with the Illinois Court of Claims, Case Number 15-CC-1260. The Court of Claims ultimately increased the Plaintiff's award for his loss of property from the $45.00[1] he received through the grievance and appeal process to $450.88. Its decision was issued on January 19, 2016—well before the Plaintiff's deposition on May 27, 2016.

At the April 20, 2017 hearing,[2] the Defendant argued that its independent discovery of the Court of Claims opinion warranted a continuance of the trial currently set for April 25, 2017. Among other things, the existence of the Court of Claims case, according to the Defendant, was evidence that the Plaintiff lied during his deposition, and the Defendant needed more time to conduct additional discovery related to the Court of Claims case. This Court heard argument on the motion to continue the trial, directed the parties to review the newly discovered information more thoroughly, and ordered the parties to confer. The court continued the hearing on the motion to continue the trial to 3:00 p.m. today.

---

[1] The Court notes there is a $5 discrepancy between the Plaintiff's claim of a $40 award through the grievance process and the Court of Claims statement that the amount was actually $45.

[2] The parties consented to the jurisdiction of the undersigned at this hearing.

Since that hearing, the Court has had the opportunity to independently review the Plaintiff's deposition and the Opinion of the Court of Claims. The facts set forth, *supra*, support a conclusion that the Plaintiff made a false statement during his deposition.

First, he denied having filed any lawsuits other than the one failure to protect lawsuit he mentioned. This denial was false, as the Court of Claims opinion now makes clear. Moreover, along with this patently false statement, much of the Plaintiff's testimony about recovering "$40" for the loss of his property was, at a minimum, misleading and evasive. Nowhere in his testimony, or during other discovery aspects of this case, did the Plaintiff ever reveal that he in fact recovered $450.88 for the loss of his property—10 times the amount he testified to during his deposition. The Plaintiff seeks, as part of his damages, to recover damages for the loss of his property. It is directly material to the issue of damages in this case that he received an award from the Court of Claims, and it is inexcusable for the Plaintiff to not only fail to disclose that during any phase of the discovery in this case, but also actively conceal it through his false answer to the question about other lawsuits.

Federal Rule of Civil Procedure 37(a)(4) provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Additionally, Rule 37(c)(1) allows a court to sanction a party for failing "to provide information . . . as required by Rule 26(a) or (e)." Rule 26(a), in turn, requires disclosure, among other things, of a computation of damages and material on which that computation is based, "including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(iv). Rule 37(c)(1)(C) permits courts to sanction violations of these provisions, which includes those sanctions set forth in section 37(b)(2)(A)(i)-(vi)—one such sanction being dismissal with prejudice. Fed. R. Civ. P. 37(b)(2)(A)(v).

Interpreting this rule when reviewing a district court's dismissal with prejudice of a plaintiff's §1983 claim for filing the suit under an alias, the Seventh Circuit

3

recognized that dismissal is "a harsh sanction, but 'the most severe in the spectrum of sanctions provided by statute or rule must be available . . . not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a determent.'" *Dotson*, 321 F. 3d at 667, *quoting Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). The Court also stated that "it is axiomatic that the appropriateness of lesser sanctions need not be explored if the circumstances justify imposition of the ultimate penalty—dismissal with prejudice." *Id.*, *citing Halas v. Consumer Servs., Inc.*, 16 F.3d 161, 165 (7th Cir. 1994).

Conduct supporting dismissal with prejudice includes incomplete or evasive responses to interrogatories, *Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1180 (7th Cir. 1987), lying on an application for *in forma pauperis* status, *Ayoubi v. Dart*, 640 Fed.Appx. 524 (7th Cir. 2016), submitting a false arbitration agreement to a court, *Secrease v. Western & Southern Life Ins. Co.*, 800 F. 3d 397 (7th Cir. 2015), lying to a judge, *Ridge Chrysler Jeep, LLC v. Daimler Chrysler Financial Services Americas LLC*, 516 F.3d 623 (7th Cir. 2008), and—most relevant here—lying in a deposition. *Alexander v. Carauster Industries, Inc.*, 930 F. Supp. 2d 947 (N.D. Ill. 2013).

In light of these facts and the law set forth, *supra*, the Plaintiff is directed to show cause at the hearing set for 3:00 p.m. today why this case should not be dismissed with prejudice because of his misconduct during discovery.

*It is so ordered.*

Entered April 21, 2017

s/Jonathan E. Hawley
U.S. Magistrate Judge